# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUIS GARCIA TORRES, *et al.*,<br><br>    Plaintiffs,<br><br>        v.<br><br>ENRIQUE RIOS ALAMEDA, *et al.*,<br><br>    Defendants. | **Civil No. 14-1562 (SEC)** |

## OPINION & ORDER

Felipe García Rosario (García) worked as a motorcycle messenger for Yomil Delivery Services Corporation. Just past midday on January 16, 2012, García was on the road performing a delivery when he was struck by a Nissan Altima driven by Enrique Ríos-Alameda (Ríos). García was hospitalized, but ultimately succumbed to his injuries. See Docket # 1.

On May 14, 2012, García's family members brought suit against Ríos and Cooperativa de Seguros Multiples in the Commonwealth court to recover for the alleged wrongful death of García (the State Action). The plaintiffs, in particular, were García's widow, Sonia Gutierrez; his stepson, Luis Almodóvar Gutierrez; and his two sons Alexander García Torres and Luis García Torres. See Docket # 9 at p. 2. The Puerto Rico State Insurance Fund moved to intervene in that suit as well, seeking reimbursement of the expenses it incurred as a result of the accident.

More than two years after the State Action was filed, on July 16, 2014, Alexander García Torres and Luis García Torres (Plaintiffs), who live in Massachusetts, filed this diversity suit against Ríos and Cooperativa de Seguros Multiples (Defendants). From what the Court can discern, the only apparent difference

between this case and the State Action is the exclusion of García's widow, stepson and the State Insurance Fund. Otherwise, the parties seem to agree that the complaint arises from an identical nucleus of common facts, is premised on the same law, and seeks the same relief against the same defendants. For this reason, Defendants ask the Court to abstain from deciding this case until the final resolution of the State Action. See Docket #9. Plaintiffs, in turn, vehemently argue that abstention is not warranted in this case.

**Analysis**

Defendants couch their request for abstention on Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976), which allows a federal court to decline the exercise of jurisdiction upon "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." 424 U.S. 800, 817 (1976) (quoting Kerotest Mfg. Co. v. C–O–Two Fire Equipment Co., 342 U.S. 180, 183 (1952)). As the Supreme Court has stated, the decision whether to apply this type of abstention "does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 16, (1983). That last bit is critically important, as the First Circuit has stated that the decision "to yield jurisdiction under the Colorado River doctrine must rest on the clearest of justifications displayed by exceptional circumstances." Nazario–Lugo v. Caribevision Holdings, Inc., 670 F.3d 109, 115 (1st Cir. 2012) (emphasis added).

Over the years, federal caselaw has collected a series of factors that help a district court make this determination. To wit:

1. whether either court has assumed jurisdiction over a res;
2. the geographical inconvenience of the federal forum;
3. the desirability of avoiding piecemeal litigation;
4. the order in which the forums obtained jurisdiction;

5.  whether state or federal law controls;

6.  the adequacy of the state forum to protect the parties' interests;

7.  the vexatious or contrived nature of the federal claim;

8.  respect for the principles underlying removal jurisdiction.

Nazario–Lugo, 670 F.3d at 115. This list is not exhaustive, and no single factor is determinative.

The parties largely agree that the first, second and sixth factors are neutral in this analysis. Further, the Court is not particularly swayed by Defendants' arguments concerning the seventh factor. While Plaintiffs were perhaps overzealous in asserting their claims, they cannot be faulted as vexatious for simply because they filed suit in this court. Compare Fuller Co. v. Ramon I. Gil, Inc., 782 F.2d 306, 309–10 (1st Cir. 1986) (holding that the practice of filing federal action in reaction to an adverse ruling in state court was vexatious).

Thus, the question is whether the rest of the factors (3, 4, 5 and 8), together with any other relevant consideration, "tip a scale heavily weighted in favor of the exercise of federal jurisdiction." Nazario–Lugo, 670 F.3d at 115. The Court finds that although these factors appear to weigh in favor of dismissal, the briefs are not sufficiently clear so as to say, with certainty, that the decision to yield jurisdiction would rest on the "clearest of justifications."

A.  Factor 3: Piecemeal Litigation

In assessing this factor, courts should not focus on the "risk of inexpediency," Nazario–Lugo, 670 F.3d at 119, or the "routine inefficiency that is the inevitable result of parallel proceedings." Jiménez v. Rodríguez–Pagán, 597 F.3d 18, 29 (1st Cir. 2010). Rather, "something more than a concern for judicial efficiency must animate a federal court's decision to give up jurisdiction." Villa Marina Yacht Sales, Inc. v. Hatteras Yachts, 915 F.2d 7, 16 (1st Cir. 1990).

"The benchmark for abstention under this factor is whether there is a federal policy in favor, or against, piecemeal litigation." Rolón v. Univision Television Grp.,

Inc., 2012 WL 4483786, at *3 (D.P.R. Sept. 27, 2012) (citing Colorado River, 424 U.S. at 819). However, even in cases where federal policy is not directly implicated, the First Circuit has acknowledged that the "potential for fragmented adjudication, to be distinguished from merely duplicative adjudication," is a factor that weighs in favor of abstention. Jimenez, 597 F.3d at 18. Although this can manifest in many ways, the type of fragmentation present here counsels abstention.

In Jimenez, the First Circuit found that the "absence of the [non-diverse] additional heirs in the federal action means that in all likelihood the district court would be unable to resolve the defendants' contractual liability to them if the case is allowed to continue." Id. In contrast, because the Commonwealth action included all of the heirs, the defendants' liability could be comprehensively adjudicated. Id. This "disparity in inclusion" has led courts to find that Colorado River abstention is particularly *apropos* where, as here, "non-diverse parties are joined in the state-court action but not the federal action." 597 F.3d at 30 (collecting cases from other circuits).

The district court's decision in Rolón is particularly instructive. There, the plaintiffs filed suit in state court against a reporter and the television station for which she worked. The plaintiffs also brought a separate federal suit against the corporation that owned the television station, alleging that it was vicariously liable for the defamatory statements made by the employee. The district court first observed that the question of vicarious liability was conditioned on whether the reporter had indeed made defamatory statements. "While the state court could comprehensively adjudicate both the liability of the reporter and that of [the television station]," the district court could not, as there was no complete diversity among all the parties. Id., 2012 WL 4483786, at *4. More worrisome was the fact that the exercise of jurisdiction could result in incongruous judgments: "[I]t would not be consistent for this Court to find [the television station] liable if the state court finds that the comments made by the reporter are not defamatory." Id.

The Court faces a similar situation here. Through this action, Plaintiffs are attempting to recover for the negligent death of their father, both through a direct action for the emotional trauma they suffered, and through the inherited cause of action for the damages suffered by their father. Recovery on both causes of action depends upon a finding that Ríos is liable for the damages suffered by the decedent. The problem is that this issue is currently before the consideration of the state court, in a proceeding much more advanced that this one, and which also contains parties which have not been joined here. There is no doubt, then, that the "most complete action" is the one in state court. See Federated Rural Elec. Ins. Corp. v. Arkansas Elec. Cooperatives, Inc., 48 F.3d 294, 298 (8th Cir. 1995) (noting that the policies behind Colorado River favor the comprehensive disposition of litigation, which are advanced by choosing the forum that contains the "most complete action"). Further, there is also a risk of inconsistent judgments should both courts disagree on the question of negligence. The effects of that risk are magnified because, in light of conflicting judgments, the relief available to the non-diverse plaintiffs might be different than the one available for the Plaintiffs here.[1] As a result, the Court finds that this factor weighs strongly in favor of abstention.

    B.  Factor 4: Priority

With respect to the fourth factor, the Supreme Court has indicated that "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." Moses H. Cone, 460 U.S. at 21. Here, both considerations weigh in favor of abstention since the first case was filed two years prior to this one, and Plaintiff does not seem to dispute that satisfactory progress has been made in the State Action.

    C.  Factor 5: Source of Law

---

[1] Though the issue has not been briefed, the Court also ponders whether a finding of negligence in this case has any preclusive effect on the non-diverse plaintiffs' claims in the state court.

"It is only in rare instances that the presence of state-law issues creates any momentum toward deferring to pending local litigation under the *Colorado River* doctrine." Nazario-Lugo v. Caribevision Holdings, Inc., 670 F.3d 109, 118 (1st Cir. 2012). Abstention may be proper where the "parties' claims present particularly novel, unusual or difficult questions of legal interpretation." Elmendorf Grafica, Inc. v. D.S. Am. (East), Inc., 48 F.3d 46, 52 (1st Cir. 1995). On this point, the parties dispute whether there are novel and undecided issues of state law concerning the reimbursement due to the State Insurance Fund. But there is no meat to their arguments; neither party has explained the issue with precision, and whether or not it is novel or unsettled. Moreover, the Court is puzzled as to why those issues would affect this case since the State Insurance Fund is not a party here. Thus, at this time, the Court is not in a position to decide whether there are such issues of law that would militate in favor of abstention.

        D. <u>Factor 8: Respect for the principles that underlie removal jurisdiction</u>

In Villa Marina Yacht Sales, Inc. v. Hatteras Yachts, 915 F.2d 7 (1st Cir. 1990), a Puerto Rico corporation filed suit in both the state and federal courts. In the federal action, the defendant moved the district court to abstain under Colorado River. The First Circuit affirmed the district court's grant of the motion, finding that the plaintiff's "decision to file its own suit in the Commonwealth court before initiating its federal action arguably is the primary factor in this case counseling in favor of a surrender of federal jurisdiction." Id. at 14. In so holding, the First Circuit observed that the principles that underlie removal jurisdiction would be violated by allowing a plaintiff to file in state court and then file the same claim in federal court. In particular, "while the right to remove a state court case to federal court is limited to defendants under 28 U.S.C. § 1441," a plaintiff's dual filing would have the same effect as if the plaintiff actually removed the original suit. Villa Marina, 915 F.2d at 14 (citing American Int'l Underwriters v. Continental Ins. Co., 843 F.2d 1253, 1260–61 (9th Cir. 1988)) (internal punctuation marks omitted).

In this regard, this action is identical. Plaintiffs initiated their claims in state court, and two years later, brought those same claims here.[2] As a result, the Court finds that this factor weighs in favor of abstention.

E.  The Court's decision

Summing up, the Court finds that three factors favor abstention. The Court is mindful that this weighing process is not a question of numbers but rather of substance. In particular, the Court considers that the potential for piecemeal litigation strongly militates in favor of abstention. But the Court's decision to withhold jurisdiction must rest on the "clearest of justifications" – a task which would be easier if the parties discuss whether there actually are any novel or undecided issues of Puerto Rico law in this case.

The Court therefore orders Defendants to file a supplemental brief spelling out, in detail, what the purportedly novel and undecided issue with Puerto Rico law is, and why it favors abstention. The brief shall be filed within twenty-one days of the entry of this order. Any response thereto shall be filed in accordance with the Federal Rules of Civil Procedure.

One last consideration. Colorado River abstention is reserved for rare cases presenting exceptional circumstances. Perhaps they are not present with sufficient weight here. Nevertheless, courts have also stayed or dismissed cases under the so-called "first to file" and "prior pending case" rules. See e.g. Quality One Wireless, LLC v. Goldie Group, LLC, 37 F.Supp.3d 536 (D.Mass. 2014). In their brief, Defendants shall also discuss whether either of these rules applies here.

  **Conclusion**

The Motion for Abstention is held in abeyance pending the submission of the aforementioned briefs.

**IT IS SO ORDERED.**

---

[2] The Court notes that in this case, even Defendants would not have been able to remove the State Action, as they are residents of this district. 28 U.S.C. § 1441(b).

In San Juan, Puerto Rico, this 30th day of September, 2015.

*s/ Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge